UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:20-cv-80242-RAR

Michael Settineri, individually and on behalf of all others similarly situated,

                Plaintiff,

                -against-

Waterfall Revenue Group, Inc. d/b/a A-1 Collection Service,

                Defendant.
-----------------------------------------------------------------/

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST
WATERFALL REVENUE GROUP, INC. D/B/A A-1 COLLECTION SERVICE**

    NOW comes Michael Settineri ("Plaintiff"), by and through his attorneys, Barshay Sanders, PLLC ("Sanders") and pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, requesting that this Honorable Court enter a Default Judgment against Waterfall Revenue Group, Inc. d/b/a A-1 Collection Service, ("WRG" or "Defendant") and in support thereof, states as follows:

    1.    On February 20, 2020, Plaintiff filed his Complaint for Relief Pursuant to the Fair Debt Collection Practices Act ("FDCPA"), the Fair Credit Reporting Act ("FCRA") and the Florida Consumer Collection Practices Act ("FCCPA") against Defendant. [Dkt No. 1].

    2.    The basis of Plaintiff's Complaint is that Defendant violated the FDCPA, FCRA and FCCPA by failing to provide verification of the validity of the alleged debt in accordance with the requirements of the corresponding statutes.

    3.    More specifically, Defendant alleged in its initial communication to that Plaintiff

that he owed a debt (the "Alleged Debt"). The Alleged Debt had been incurred primarily for personal services and, therefore, is a "debt" as defined by 15 U.S.C. § 1692a(5). In response to this communication, Plaintiff demanded validation of the debt and disputed it for purposes of credit reporting.

4. On April 10, 2019, in response to Plaintiff's Dispute/Validation Letter, Defendant sent Plaintiff a letter which purportedly verified the Debt by advising Plaintiff "Our client has advised us that the above bill is valid." (the "Verification Letter") (Defendant's purported verification letter dated April 10, 2019 is attached as Exhibit 2 to the Complaint).

5. Defendant's Verification Letter failed to comply with the requirements of the FDCPA and FCRA. Specifically, Defendant failed to provide Plaintiff with any documents from the original creditor verifying the Alleged Debt.

6. Despite its failure to verify the debt as required by both the FDCPA and FCRA, Defendant reported the account as verified and accurate; and instructed the credit bureaus to continue reporting the Alleged Debt as such. Defendant's actions caused inaccurate credit information to be maintained against Plaintiff and Defendant continued to attempt to collect the Alleged Debt from Plaintiff, despite having failed to verify same in response to Plaintiff's demand.

7. As a result, the credit bureaus continued to report the inaccurate credit information at the instruction of Defendant.

8. On April 19, 2019, Plaintiff wrote Defendant and advised it that the validation response was insufficient. ("Response Letter") (A copy of Plaintiff's April 19, 2019 Response Letter is attached hereto as Exhibit 3 to the Complaint).

9. On March 3, 2020 at 10:51am WRG was personally served with the Summons and Complaint at 15 North Mills Street, Nyack, NY 10960. [Dkt 4].

10. On March 24, 2020 WRG's time to answer or otherwise plead elapsed.

11. On April 8, 2020, after WRG failed to answer or otherwise plead, Plaintiff caused to be filed a Motion for Entry of Default.

12. On April 8, 2020, this Honorable Court granted an Entry of Default against Defendant.

13. Under Rule 55(a) of the Federal Rules of Civil Procedure, after the Clerk's entry of default, a federal district judge may enter a default judgment against the Defendant.

14. Having gained an Entry of Default against Defendant, Plaintiff now moves this Honorable Court to enter a Default Judgment on a Sum Certain against Defendant and in favor of Plaintiff.

15. Defendant is aware of the instant proceedings and has willfully chosen not to appear in the case or otherwise defend same, despite proper service.

16. A District Court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2).

17. In defaulting, a defendant "admit[s] the plaintiff's well-pleaded allegations of fact" for purposes of liability. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

18. Nonetheless, a Court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law").

19. The United States Supreme Court has noted the difference between well-pleaded facts and conclusory allegations. In *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, but it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels

and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 678 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the plaintiff is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). This analysis is equally applicable to a motion for default judgment. See *De Lotta v. Dezenzo's Italian Rest., Inc.,* No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806, at *5 (M.D. Fla. November 24, 2009).

20. "Once liability is established, the court turns to the issue of relief." *Enpat, Inc. v. Budnic*, 773 F. Supp. 2d 1311, 1313 (M.D. Fla. 2011).

21. "Pursuant to Federal Rule of Civil Procedure 54(c), '[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings,' and a court may conduct hearings when it needs to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter." *Id*. (citing Fed. R. Civ. P. 55(b)(2)). Where all the essential evidence is of record, an evidentiary hearing on damages is not required. *SEC v. Smyth,* 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).

22. Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors" and "to protect consumers against debt collection abuses." *Edwards v. Niagara Credit Solutions, Inc*., 584 F.3d 1350, 1352 (11th Cir. 2009) (quoting 15 U.S.C. § 1692(e)). The law provides a civil cause of action against any debt collector who fails to comply with its requirements. 15 U.S.C. § 1692k(a). A debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692(a).

23. A debt collector found in violation of the Act may be liable for (1) an individual plaintiff's actual damages; (2) statutory damages up to $1,000; and (3) costs and reasonable attorney's fees. 15 U.S.C. § 1692(a)(1)-(3). To prevail on his FDCPA claim, Plaintiff's complaint must properly allege that (1) he was the object of collection activity arising from consumer debt; (2) Defendant is a debt collector as defined by the FDCPA; and (3) Defendant engaged in an act or omission prohibited by the FDCPA. *McCorriston v. L.W.T., Inc.,* 536 F. Supp. 2d 1268, 1273 (M.D. Fla. 2008)

24. Defendant violated the applicable provisions of the FDCPA claiming Plaintiff owed a debt, when that debt was not owed at all by Plaintiff. This is a false representation of the amount of the debt in violation of 15 U.S.C. § 1692e(2)(A). Defendant's allegation that Plaintiff owed a debt when the debt is not owed at all by Plaintiff was a false representation of the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A). 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt. Accordingly, Defendant herein violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

25. In addition to these violations, Defendant also failed to provide the required "Thirty Day Validation Notice" or disclosures to Plaintiff within five days of the initial communication with Plaintiff, which constitutes a violation of the FDCPA 15 U.S.C. § 1692g(a)(l), (2),(3),(4),(5).

26. Defendant herein also made false representations to the three Credit Reporting Agencies, Equifax, Experian and Trans Union on multiple occasions as to the character, amount or legal status of the Alleged Debt resulting in violations of the FDCPA, 15 U.S.C. § 1692e(2).

27. The FDCPA requires that a "debt collector" cease collection efforts until debt is validated if a consumer has demanded such in a timely manner. Defendant blatantly ignored Plaintiff's timely demand for validation and is still engaging in collection efforts, resulting in

multiple violations of 15 U.S.C. 1692g(b). Defendant's failure to produce any evidence or factual documentation of any debt allegedly owed by in response to Plaintiff's written dispute is a violation of the FDCPA in and of itself. The fact that Defendant did not cease collection activity until providing such verification is a further affront to the consumer protection statutes in violation of 15 U.S.C. §§ 1692d(5).

28.     Section 559.72(9) of the FCCPA provides that a debt collector shall not "Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Defendant herein knew that it did not have a legal right to collect the Alleged Debt, yet Defendant persisted in attempting to collect the Alleged Debt in violation Section 559.72(9) of the FCCPA.

29.     Defendant herein also violated its duty under 15 U.S.C. §1681i(a)(1)(A) to conduct a good faith investigation into Plaintiff's notice of dispute, but never provided any signed verification, validation or accounting of any alleged accounts or a copy of any signed contract or agreement. Defendant failed to reinvestigate the alleged accounts after dispute as is required by the FCRA. Further to this point, Defendant attempted to shift the burden of reasonable (re)investigation back on the consumer, Plaintiff, by demanding that he prove to Defendant that the alleged account was non-existent; rather than provide validation thereof as is required by statute. The burden of reinvestigation and validation is on the furnisher of the information when a timely demand for validation is made and cannot be shifted back to the consumer.

30.     The amendments to the FCRA made by the Consumer Credit Reporting Act of 1996 raised the bar of compliance with the law by imposing a higher duty to reinvestigate on the original source; providing information to the credit reporting agencies. Congress clearly intended the furnishers of credit data to perform an investigation more exacting than merely parroting its own internal data, which the consumer has disputed. By ignoring Plaintiff's timely dispute and demands

for validation, Defendant failed to discharge its legal obligation to reinvestigate the claim, which requires that it go beyond a review of mere electronic data obtained upon the purchase of unverified and unauthenticated accounts. As a result of its failure or refusal to conduct the statutorily required investigation, Defendant has violated the clear mandate Congress intended and enacted under 15 U.S.C. § 168ls-2(b).

31. Defendant's continuous reporting to the consumer credit reporting agencies of the unverified deb was not only erroneous, it was reckless. Not only did Defendant fail to comply with 15 U.S.C. § 168ls-2(b) by not performing a reasonable reinvestigation, it knowingly and willfully continued to furnish unverified and unauthenticated information to the credit reporting agencies. The fact that credit bureaus are currently reporting inaccurate information on Plaintiff's credit profiles/credit reports, which are viewable and have been viewed by third parties, is proof that Defendant did not conduct a reasonable investigation.

32. Accordingly, Defendant violated its duty under 15 U.S.C. §1681s-2(b) to conduct a reasonable and good faith investigation into Plaintiff's notice of disputes and failing to delete or correct the inaccurate information. After receiving a dispute notice from Plaintiff, Defendant did not conduct a complete, accurate or reasonable investigation into the disputed issue.

33. Plaintiff seeks statutory damages pursuant to 15 U.S.C. §1692k (a)(2)(A), 15 U.S.C. 1681 and Fla. Stat. §559.77 and payment of his costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(3) and §1681 and Fla. Stat. §559.77.

34. As outlined in Plaintiff's Complaint, Plaintiff resides in the State of Florida. [Dkt. No. 1, ¶ 4].

35. The crux of Plaintiff's claims revolve around Defendant's conduct in its attempts to collect a debt allegedly owed—but not actually owed—by Plaintiff.

36. Defendant's conduct as outlined in the Complaint occurred while Plaintiff was

located within and resided within the state of Florida. Therefore, Defendant purposefully directed its activities to the forum state.

37. Plaintiff's claims further arise out of and relate directly to Defendant's forum-related activities, as they stem from the continued violations of law engaged in by Defendant as against a resident of Florida.

38. In light of the above, and given Defendant's purposeful direction of its activities to the forum state, the Court's exercise of personal jurisdiction over Defendant in relation to the instant action is reasonable and comports with the notions of fair play and substantial justice.

39. Plaintiff seeks statutory damages as provided under 15 U.S.C. §1692k (a)(2)(A) of the Fair Debt Collection Practices Act of $1,000.00, statutory damages as provided under 15 U.S.C. § 1681n(a)(1)(a) in the amount of $1000.00, and Fla. Stat. §559.77 of the Florida Consumer Collection Practices Act for $1,000.00. The maximum amount of $1,000 is per action, not per violation. *Harper v. Better Bus. Servs.,* Inc., 961 F.2d 1561, 1563 (11th Cir. 1992).

40. Factors the Court considers in deciding whether to award statutory damages include: the frequency and persistence of noncompliance by the debt collector; the nature of such noncompliance; and the extent to which such noncompliance was intentional. 15 U.S.C. § 1692k(b)(1). The FCCPA also provides for a maximum amount of $1,000 in statutory damages and consideration of the same factors. § 559.77(2), FLA.STAT. (2019). Plaintiff has established multiple violations of the FDCPA, FCRA and the FCCPA

41. Based on Defendant's conduct, Plaintiff believes this Honorable Court should not hesitate to impose liability on Defendant to the fullest extent of the law. Defendant violated the very essence of the FDCPA, FCRA and FCCPA through its collection activities in this matter. The multiple violations and their nature warrant imposition of the maximum amount under both the FDCPA and the FCCPA. *Sampson v. Brewer, Michaels & Kane, LLC*, No. 6:09-CV-2114-ORL-

31DAB, 2010 WL 2432084, at *2 (M.D. Fla. May 26, 2010), report and recommendation adopted, 2010 WL 2432045 (M.D. Fla. June 15, 2010) (defendant constantly and continuously placed calls to plaintiff; threatened to file a lawsuit against plaintiff; placed multiple calls without meaningful disclosure of the caller's identity; and failed to send plaintiff a debt validation letter regarding the alleged debt). It is respectfully requested that the Court award Plaintiff $1000 in statutory damages under the FDCPA and $1000 in statutory damages under the FCCPA.

42. As detailed in Plaintiff's Complaint, Defendant refused to provide validation/verification of the Alleged Debt and continued its collection activity against Plaintiff, even after being informed it that he did not owe the debt upon which Defendant was attempting to collect

43. Defendant has clearly demonstrated a lack of respect for the Plaintiff, the law, and legal process. It has had notice of this lawsuit. Rather than avail itself of the legal process, Defendant has willfully chosen not to participate and as such has waived its right to be given any benefit by this Honorable Court.

44. Plaintiff seeks $6,666.20 in reasonable attorney fees and costs pursuant to 15 U.S.C. §1692k (a)(3), 15 U.S.C. § 1681n(a)(1)(a) and Fla. Stat. §559.77. Attached as Exhibit A to the Declaration of Craig Sanders attached thereto as Exhibit 1 is a true and correct itemization of Plaintiff's reasonable attorney fees and as Exhibit 2 thereto is a true and correct itemization of Plaintiff's reasonable costs.

45. In the Eleventh Circuit, Courts use the lodestar approach to determine a reasonable attorney fee. *Norman v. Hous. Auth.,* 836 F.2d 1292 (11th Cir. 1988). The lodestar is calculated by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate for the services provided by counsel for the prevailing party. *Loranger v. Stierheim,* 10 F.3d 776, 781 (11th Cir. 1994). "[T]he fee applicant bears the burden of establishing entitlement to an

award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 at 437. The fee applicant can satisfy its burden "by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates." *Chemische*, 2010 WL 98991, at *4. Once the Court has determined the lodestar, it may adjust the amount upward or downward based upon a number of factors, including the results obtained. *Norman*, 836 F.2d at 1302.1.

46. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. The applicant bears the burden of producing satisfactory evidence that the requested rates are in line with the prevailing market rates. Id.

47. When determining whether a rate is reasonable the Court may consider the following factors: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal services properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee in the community; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and the ability of the attorney; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. *Bivins v. Wrap It Up, Inc.,* 380 F. App'x 888, 890 (11th Cir. 2010) (citing *Johnson v. Georgia Highway Exp., Inc.,* 488 F.2d 714 (5th Cir. 1974)); *In re Home Depot Inc.,* 931 F.3d 1065, 1091 (11th Cir. 2019).

48. In addition to the hourly rate, the Court must determine the number of hours reasonably expended by Plaintiff's counsel on the litigation. Prevailing attorneys "must exercise their own billing judgment to exclude any hours that are 'excessive, redundant, or otherwise unnecessary." *Galdames v. N & D Inv. Corp.,* 432 F. App'x 801, 806 (11th Cir. 2011) (citations and inner quotations omitted). Attorneys may bill adversaries for only the same hours they would

bill a client. *Resolution Tr. Corp. v. Hallmark Builders Inc.,* 996 F.2d 1144, 1149 (11th Cir. 1993). A court may reduce excessive, redundant, or otherwise unnecessary hours, or may engage in "an across-the-board cut," as long as the Court adequately explains its reasons for doing so. *Galdames*, 432 F. App'x at 806 (citations omitted).

49. Plaintiff respectfully refers this Court to the attached affidavit of Craig Sanders with regard to support for both its reasonable hourly rate and reasonable hours spent in this matter.

WHEREFORE, Plaintiff MICHAEL SETTINERI, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Entering a Default Judgment against WATERFALL REVENUE GROUP, INC. D/B/A A-1 COLLECTION SERVICE and in favor of Plaintiff;

b. Awarding Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against WATERFALL REVENUE GROUP, INC. D/B/A A-1 COLLECTION SERVICE and in favor of Plaintiff;

c. Awarding Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1681n(a)(1)(a) against WATERFALL REVENUE GROUP, INC. D/B/A A-1 COLLECTION SERVICE and in favor of Plaintiff;

d. Awarding Plaintiff statutory damages of $1,000.00 pursuant to Fla. Stat. §559.77 against WATERFALL REVENUE GROUP, INC. D/B/A A-1 COLLECTION SERVICE and in favor of Plaintiff;

e. Awarding Plaintiff $6,666.20 in costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(3), 15 U.S.C. 1681n(c) and Fla. Stat. §559.77 WATERFALL REVENUE GROUP, INC. D/B/A A-1 COLLECTION SERVICE and in favor of Plaintiff;

f. Allowing judgment interest to be added; and

   g. Awarding any other relief as this Honorable Court deems just and appropriate.

DATED: April 29, 2020         Respectfully submitted,

                **BARSHAY SANDERS, PLLC**

                By: */s Craig B. Sanders*
                Craig B. Sanders, Esq.
                100 Garden City Plaza, Suite 500
                Garden City, New York 11530
                Tel: (516) 203-7600
                Fax: (516) 706-5055
                *Attorneys for Plaintiff*



## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of April 2020 I caused to be served via U.S. Mail a copy of the motion papers for default on defendant at the mailing address as follows:

Waterfall Revenue Group, Inc. d/b/a A-1 Collection Service
2297 Highway 33
Suite 906
Hamilton Square, New Jersey 08690

By:   /s/ Craig B. Sanders<br>Craig B. Sanders, Esq.

Barshay Sanders PLLC