UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CIV-80242-RAR

**MICHAEL SETTINERI**, *individually*
*and on behalf of all others similarly situated,*

  Plaintiff,

v.

**WATERFALL REVENUE GROUP INC.**,

  Defendant.
_____/

### ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Entry of Default Judgment [ECF No. 12] ("Motion"), filed on April 29, 2020.

Having reviewed the Motion, the record, and being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion is **GRANTED in part** for the reasons stated herein.

### BACKGROUND

This action arises out of Defendant's alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. section 1692, *et seq.* ("FDCPA"), the Florida Consumer Collection Practices Act ("FCCPA"), sections 559.55–559.785 of the Florida Statutes, and the Fair Credit Reporting Act, 15 U.S.C. section 1681, *et seq.* ("FCRA"). *See generally* Am. Compl. [ECF No. 7]. Plaintiff maintains that Defendant violated the FDCPA, FCCPA, and FCRA by attempting to collect a debt that was not owed and by "failing to provide verification of the validity of the alleged debt in accordance with the requirements of the corresponding statutes." Mot. ¶¶ 2, 24.

This saga begins when Defendant—a company that regularly collects debts and furnishes information to credit reporting agencies—contacted Plaintiff seeking to collect a debt. Am.

Compl. ¶¶ 9, 21. In response to this communication, Plaintiff demanded validation of the debt and disputed the debt for credit reporting purposes. *Id.* at ¶ 22. Shortly thereafter, Defendant sent a letter to Plaintiff purportedly verifying the debt by stating that "[o]ur client has advised us that the above bill is valid." *Id.* at ¶ 23. Plaintiff responded by advising Defendant that their response was insufficient and that they had not completed a reasonable investigation into the dispute as required by law. *Id.* at ¶ 31. Nevertheless, Defendant reported the account as verified and accurate to the credit reporting agencies and continued to attempt to collect the debt from Plaintiff. *Id.* at ¶¶ 27-29. Consequently, the credit bureaus continued to report inaccurate information regarding Plaintiff. Mot. ¶ 7.

Plaintiff filed his initial Complaint on February 20, 2020 [ECF No. 1] and Defendant was served on March 3, 2020 [ECF No. 4]. On April 8, 2020, the Clerk entered a Clerk's Default against Defendant [ECF No. 10]. Plaintiff filed the Motion on April 29, 2020, requesting a final default judgment. *See generally* Mot. Plaintiff seeks $1,000.00 in statutory damages for violations of the FDCPA, $1,000.00 in statutory damages for violations of the FCCPA, and $1,000.00 for violations of the FCRA, based on Defendant's continued collection activity and allegedly unreasonable investigation into the validity of the debt. *See* Mot. ¶ 49. Plaintiff also requests $6,666.20 "in costs and reasonable attorney's fees." *Id.*

## LEGAL STANDARD

A party may apply to the Court for a default judgment when the defendant fails to timely respond to a pleading. FED. R. CIV. P. 55(b)(2). "A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (internal quotations omitted) (quoting *Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1205 (5th Cir. 1975)). However, conclusions

of law are to be determined by the Court. *Mierzwicki v. CAB Asset Management LLC*, No. 14-61998, 2014 WL 12488533, at *1 (S.D. Fla. Dec. 30, 2014) (citation omitted). Therefore, a court may only enter a default judgment if there is a "sufficient basis to state a claim." *Id.*

Once a plaintiff has established a sufficient basis for liability, the Court must conduct an inquiry to determine the appropriate damages. *PetMed Express, Inc. v. MedPets.Com, Inc.*, 336 F. Supp. 2d 1213, 1217 (S.D. Fla. 2004) (citation omitted). Although an evidentiary hearing is generally required, the Court need not conduct such a hearing "when . . . additional evidence would be truly unnecessary to a fully informed determination of damages." *Safari Programs, Inc. v. CollectA Int'l Ltd.*, 686 F. App'x 737, 746 (11th Cir. 2017); *see also Molina v. SMI Security Mgmt, Inc.*, No. 11-24245, 2013 WL 12092072, at *5 (S.D. Fla. July 15, 2013) (citing *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1543-44 (11th Cir. 1985)) ("A court need not conduct an evidentiary hearing to determine the amount of damages as long as the record contains evidence allowing the court to ascertain damages from mathematical calculations and detailed affidavits.") (internal quotations omitted). Therefore, where the record adequately supports the award of damages, an evidentiary hearing is not required. *See SEC v. Smyth,* 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *see also PetMed Express*, 336 F. Supp. 2d at 1217, 1223 (finding an evidentiary hearing unnecessary because plaintiff was seeking statutory damages under the Lanham Act); *Luxottica Group S.p.A. v. Casa Los Martnez Corp.*, No. 14-22859, 2014 WL 4948632, at *2 (S.D. Fla. Oct. 2, 2014) (same).

## ANALYSIS

### A. FDCPA

To establish a violation of the FDCPA, a plaintiff must prove: (1) he has been the object of collection activity arising out of consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant engaged in an act or omission prohibited by the FDCPA.

*See Samson v. Marinosci Law Grp., P.C.*, No. 13-61677-CIV, 2013 WL 5789216, at *2 (S.D. Fla. Oct. 29, 2013). An entity can violate the FDCPA in several ways, including falsely representing the character, amount, or legal status of a debt in connection with collection activities. *See* 15 U.S.C. § 1692e(2)(a).

Here, the alleged debt was primarily incurred for personal services and conforms with the FDCPA's definition of a "debt." Am Compl. ¶¶ 16-18 (citing 15 U.S.C. § 1692a(5)). And, Defendant is a "debt collector" as defined by the FDCPA because Defendant "uses instrumentality of interstate commerce or the mails in a business the principle purpose of which is the collection of any debts . . . ." *Id.* at ¶¶ 6-9; 15 U.S.C. § 1692a(6). Moreover, Defendant engaged in an act prohibited by the FDCPA when it sent Plaintiff a letter—a "communication" as defined by 15 U.S.C. § 1692a(2)—representing that Defendant owed a debt that he did not owe. *See id.* ¶ 36. Notably, the communication was sent after Plaintiff informed Defendant that the debt was not his. *See* Letter to Defendant [ECF No. 7-1]) ("[The debt] is not mine"). Thus, the Court finds that Defendant violated the FDCPA.[1] *See Malone v. Accounts Receivable Res., Inc.,* 408 F. Supp. 3d 1335, 1343 (S.D. Fla. 2019), *reconsideration denied,* No. 18-CIV-81254-RAR, 2019 WL 7584969 (S.D. Fla. Nov. 21, 2019) (holding that a collection agency's mailing of a letter to a consumer representing that the consumer owes a debt that he does not owe is a false representation in violation of the FDCPA).

---

[1] Plaintiff claims that Defendant violated 15 U.S.C. § 1692d(5) by failing to provide any documentation in support of its investigation. *See* Am. Compl. ¶¶ 58-64. However, "verification of a debt involves nothing more than that debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed; a debt collector is not required to keep detailed files of the alleged debt." *Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999) (citing *Azar v. Hayter*, 874 F. Supp. 1314, 1317 (N.D. Fla. 1995), *aff'd*, 66 F.3d 342 (11th Cir.1995)). Consequently, "[t]here is no concomitant obligation to forward copies of bills or other detailed evidence of the debt" and Defendant did not violate the FDCPA by failing to do so. *Id*.

Plaintiff seeks an award of $1,000.00 in statutory damages, the statutory maximum. Mot. ¶ 49. "In setting statutory damages, a court must consider the nature and frequency of the defendant's noncompliance and the extent to which its violations were intentional." *Alecca v. AMG Managing Partners, LLC*, No. 3:13-cv-163-J-39PFB, 2014 WL 2987702, at *8 (M.D. Fla. July 2, 2014) (adopting report and recommendation). Here, while Plaintiff has demonstrated an entitlement to statutory damages for Defendant's intentional violation, Plaintiff is not entitled to the maximum statutory award. Given the relatively minimal frequency of the noncompliance by Defendant, Plaintiff is entitled to a statutory award of $500. *See Titus v. Commercial Recovery Sys., Inc.*, No. 8:13-CV-00567-T-27, 2014 WL 55016, at *3 (M.D. Fla. Jan. 7, 2014) (awarding $500 statutory damages under the FDCPA for intentional, but infrequent noncompliance); *Montgomery v. Fla. First Fin. Group, Inc.*, No. 6:06–cv–1639–Orl-KRS, 2008 WL 3540374, at *8 (M.D. Fla. Aug. 12, 2008) (same); *Elmore v. Northeast Fla. Credit Bureau, Inc.*, No. 3:10–cv–573–J–37JBT, 2011 WL 4480419, at *5–*6 (M.D. Fla. Sept. 27, 2011) (awarding $100 statutory damages under the FDCPA for intentional, but infrequent noncompliance).

### B. FCCPA

The FCCPA provides, in relevant part, that a debt collector shall not "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." FLA. STAT. § 559.72(9). Here, Plaintiff informed Defendant that the alleged debt was not his and Defendant continued to attempt to collect the debt from him. Am. Compl. ¶¶ 65-68. However, as with the FDCPA, "[i]n determining the defendant's liability . . . the court shall consider the nature of the defendant's noncompliance with s. 559.72, the frequency and persistence of the noncompliance, and the extent to which the noncompliance was intentional." FLA. STAT. § 559.77(2).

Again, while Plaintiff has demonstrated an entitlement to statutory damages for Defendant's intentional violation, Plaintiff is not entitled to the maximum statutory award. Given the relatively minimal frequency of the noncompliance by Defendant, Plaintiff is entitled to a statutory award of $500. *See Titus*, 2014 WL 55016, at *3 (awarding $500 statutory damages under the FCCPA for intentional, but infrequent noncompliance); *Montgomery,* 2008 WL 3540374, at *8 (same).

### C. FCRA

Plaintiff contends that Defendant violated the FCRA when it failed to conduct a good faith investigation into Plaintiff's notice of dispute. Am. Compl ¶ 74. 15 U.S.C. §1681i(a)(1)(A) states:

> [I]f the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file . . . .

*Id.* Defendant is a "furnisher of information" as defined by the FCRA. *See* Am. Compl. ¶ 10 (citing 15 U.S.C. § 168ls-2). Thus, the question of whether Defendant conducted a "reasonable investigation" "will turn on whether the furnisher acquired sufficient evidence to support the conclusion that the information was true." *Hinkle v. Midland Credit Mgmt., Inc.*, 827 F.3d 1295, 1303 (11th Cir. 2016). As the Eleventh Circuit has cautioned, "[t]his is a factual question, and it will normally be reserved for trial." *Id.* (citing *Westra v. Credit Control of Pinellas*, 409 F.3d 825, 826 (7th Cir. 2005)).

Here, Plaintiff has not alleged sufficient facts to show that Defendant violated the FCRA. Plaintiff maintains that Defendant "did not conduct a good faith and reasonable investigation into Plaintiff's dispute," "never provided any signed verification, validation or accounting of any alleged accounts or copy of any signed contract or agreement," "failed to reinvestigate the alleged

accounts after dispute," and "attempted to shift the burden of reasonable reinvestigation back on the consumer." Am. Compl. ¶¶ 75-79. The only record evidence speaking to Defendant's investigation is the letter in which Plaintiff purportedly verified the debt by stating that "[o]ur client has advised us that the above bill is valid." *Id.* at ¶ 23. There is simply no record evidence regarding the substance of Defendant's investigation and nothing to suggest that Defendant's investigation was limited only to the justification expressed in the letter. Given the Eleventh Circuit's guidance that whether a "furnisher of information" conducted a "reasonable investigation" under the FCRA is a highly fact-intensive inquiry, Plaintiff has not provided sufficient facts to prove that Defendant violated the FCRA.

### D. Attorney's Fees and Costs

Plaintiff's counsel may recover fees and costs under the FDCPA and FCCPA. *See Southam v. Halsted Fin. Servs., LLC*, No. 9:15-CV-80460, 2015 WL 5215987, at *2 (S.D. Fla. Sept. 8, 2015) (fees and costs recoverable under FDCPA); *Bianchi v. Bronson & Migliaccio, LLP,* No. 09-61164-CIV, 2011 WL 379115, at *2 (S.D. Fla. Feb. 2, 2011) (fees and costs recoverable under FCCPA). Plaintiff seeks $6,205.00 in attorney's fees and $461.20 in costs. Mot. ¶ 49. Plaintiff's counsel submitted a declaration in support of the fees and costs. *See* Declaration of Craig B. Sanders ("Sanders Declaration") [ECF No. 12-1].

The Court must determine whether the costs and fees requested are reasonable. *See Bianchi*, 2011 WL 379115, at *2. Courts in this Circuit apply the lodestar method when evaluating a request for attorney's fees, which is calculated by multiplying the hourly rate by the number of hours expended. *See id.* Plaintiff has the burden of showing the hourly rate submitted and number of hours expended are both reasonable. *Id*. After the lodestar is calculated, the court may adjust the total based on the results obtained. *See Bauer v. Midland Credit Mgmt., Inc*., No. 8:12-CV-614-T-23TGW, 2012 WL 6733649, at *8 (M.D. Fla. Dec. 4, 2012).

Craig B. Sanders seeks an hourly rate of $450.00 per hour.  Sanders Decl. ¶ 24.  However, Sanders does not provide any evidence that this is reasonable.  A reasonable hourly rate is one which is "in line with the prevailing market rate in the relevant legal community for similar services performed by lawyers of reasonably comparable skills, experience[,] and reputation."  *Crescenzo v. Healthcare Revenue Recovery Grp., LLC*, 842 F. Supp. 2d 1340, 1342 (S.D. Fla. 2012) (internal quotation marks and citation omitted; alteration added).  The Court is to consider its own knowledge and experience in determining whether the requested hourly rate is reasonable.  *See id*. at 1342–43.

An hourly rate of $450.00 is unreasonable and above the $300.00 hourly rate that other courts in this District have approved.  *See Crescenzo,* 842 F. Supp. 2d at 1343 (reducing requested rate of $350.00 to $300.00); *Larsen v. Commonwealth Fin. Sys., Inc*., No. 2:15-cv-14260, 2016 WL 245325, at *2 (S.D. Fla. Jan. 21, 2016) ($300.00 rate reasonable); *see also Bauer*, 2012 WL 6733649, at *4 (finding range of $200.00 to $300.00 per hour reasonable and noting other cases).  Moreover, this case is not particularly novel or difficult.  *See Crescenzo*, 842 F. Supp. 2d at 1343 (noting same when reducing rate).  Thus, the Court will apply a $300 hourly rate to Mr. Sanders' time.  While Sanders' hourly rate is unreasonably high, Sanders submitted detailed time entries which substantiate the 14.8 hours that he spent working on this case.  Sanders Decl. ¶ 24.  Consequently, the lodestar equals 14.8 hours of compensable time, multiplied by a $300 hourly rate—or $4,400.

Finally, Plaintiff seeks reimbursement for the filing fee and service of process.  Sanders Decl. at Exhibit B.  These costs are recoverable under 28 U.S.C. section 1920.  *See Bianchi*, 2011 WL 379115, at *7 ("Defendant does not dispute that Plaintiff is entitled to an award of costs for the filing fee, the fees for services of process . . . .").  Thus, the Court awards Plaintiff $461.20 in costs.

## CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion [ECF No. 12] is **GRANTED IN PART AND DENIED IN PART**. As explained above, the Motion is granted as to Count I (seeking relief under the FDCPA) and Count III (seeking relief under the FCCPA). The Motion is denied as to Count II (seeking relief under 15 U.S.C. §§ 1692d(5)) and Count IV (seeking relief under the FCRA). Pursuant to Rule 58 of the Federal Rules of Civil Procedure, a final judgment will be entered by separate order.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 30th day of April, 2020.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**